# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| THEFT PREVENTION INNOVATIONS LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>ELPAS, INC. and TYCO INTERNATIONAL MANAGEMENT COMPANY, LLC,<br><br>      Defendants. | CIVIL ACTION NO. 2:16-cv-1057<br><br>ORIGINAL COMPLAINT<br>FOR PATENT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Theft Prevention Innovations LLC ("Theft Prevention") files this original complaint against the above-named Defendants, alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## PARTIES

1. Theft Prevention is a limited liability company formed under the laws of the State of Texas, with a principal place of business in Austin, Texas.

2. Defendant Elpas, Inc. is a corporation organized under the laws of Delaware with a place of business in Princeton, New Jersey. It can be served through its resident agent for service of process in Delaware: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

3. Defendant Elpas, Inc. is a subsidiary of Johnson Controls International plc (f/k/a Tyco International plc), a company organized under the laws of Ireland with a place of business in Princeton, New Jersey. Johnson Controls International plc is a global provider of security products and services.

4. Defendant Tyco International Management Company, LLC is a limited liability company organized under the laws of Nevada with a place of business in Princeton, New Jersey. It can be served through its resident agent for service of process in Nevada: The Corporation Trust Company of Nevada, 701 S. Carson St. Ste. 200, Carson City, NV 89701.

5. Defendant Tyco International Management Company, LLC is a subsidiary of Johnson Controls International plc (f/k/a Tyco International plc).  Defendant Tyco International Management Company, LLC provides management services in the United States on behalf of Johnson Controls International plc, and/or its subsidiaries, which include Elpas, Inc.

6. Defendant Elpas, Inc. and Defendant Tyco International Management Company, LLC (collectively, "Defendants") provide security products and services under the trade name Tyco Security Products.

## JURISDICTION AND VENUE

7. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).  Defendants have transacted business in this district and have committed acts of patent infringement in this district.

9. Defendants are subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to Defendants' substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or

deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I: DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,671,741

10. On March 2, 2010, United States Patent No. 7,671,741 ("the 741 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Anti-Theft Security Device and Perimeter Detection System."

11. Theft Prevention is the owner of the 741 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 741 patent against infringers, and to collect damages for all relevant times.

12. The 741 patent generally covers security systems and tags that, among other things, can be connected to merchandise and have the ability to monitor whether a party removes or attempts to remove the tag, and to emit a signal when a party has done so without authorization.

13. Defendants, without authority from Theft Prevention, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale security systems and/or tags (the "accused products"). These acts constitute direct infringement (literally and/or under the doctrine of equivalents) under 35 U.S.C. § 271(a). Defendants' infringement in this regard is ongoing.

14. The accused products include at least the following models and/or systems: Elpas Asset Tracking Tag, Elpas Asset Management Solution, and Elpas Active RFID/RTLS Asset Protection System. The accused products infringe at least claim 29 of the 741 patent.

15. Theft Prevention has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are liable to Theft Prevention in an amount that

adequately compensates Theft Prevention for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

16. Theft Prevention and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## COUNT II: DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,165,446

17. On October 20, 2015, United States Patent No. 9,165,446 ("the 446 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Anti-Theft Security Device and Perimeter Detection System."

18. Theft Prevention is the owner of the 446 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 446 patent against infringers, and to collect damages for all relevant times.

19. The 446 patent generally covers security systems and tags that, among other things, can be connected to an object and have the ability to monitor whether a party removes or attempts to remove the security tag or a portion thereof, and to emit a signal when a party has done so without authorization.

20. Defendants, without authority from Theft Prevention, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale security systems and/or tags (the "accused products"). These acts constitute direct infringement (literally and/or under the doctrine of equivalents) under 35 U.S.C. § 271(a). Defendants' infringement in this regard is ongoing.

21. The accused products include at least the following models and/or systems: Elpas Asset Tracking Tag, Elpas Asset Management Solution, and Elpas Active RFID/RTLS Asset Protection System.  The accused products infringe at least claim 9 of the 446 patent.

22. Theft Prevention has been damaged as a result of the infringing conduct by Defendants alleged above.  Thus, Defendants are liable to Theft Prevention in an amount that adequately compensates Theft Prevention for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

23. Theft Prevention and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## JURY DEMAND

Theft Prevention hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Theft Prevention requests that the Court find in its favor and against Defendants and that the Court grant Theft Prevention the following relief:

a. Judgment that one or more claims of the 741 and 446 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or all others acting in concert therewith;

b. Judgment that Defendants account for and pay to Theft Prevention all damages to and costs incurred by Theft Prevention because of Defendants' infringing activities and other conduct complained of herein, including an award of all increased damages to which Theft Prevention is entitled under 35 U.S.C. § 284;

   c. A permanent injunction enjoining Defendants and their respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the 741 and 446 patents; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the 741 and 446 patents by such entities;

   d. Pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

   e. A declaration by the Court that this is an exceptional case and an award to Theft Prevention of its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

   f. Other and further relief as the Court may deem just and proper under the circumstances.

Dated: September 29, 2016     Respectfully submitted,

            */s/ Zachariah S. Harrington*
            Zachariah S. Harrington (lead attorney)
            Texas Bar No. 24057886
            zac@ahtlawfirm.com
            Matthew J. Antonelli
            Texas Bar No. 24068432
            matt@ahtlawfirm.com
            Larry D. Thompson, Jr.
            Texas Bar No. 24051428
            larry@ahtlawfirm.com
            ANTONELLI, HARRINGTON
            & THOMPSON LLP
            4306 Yoakum Blvd., Ste. 450
            Houston, TX 77006
            (713) 581-3000
            (713) 581-3020 fax

            *Attorneys for Theft Prevention Innovations LLC*